IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMY MANZANARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-191 |
| | § | |
| EL MONTE RENTS, INC. d/b/a EL MONTE RV, | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES AMY MANZANARES, hereinafter "Plaintiff", complaining of El Monte Rents, Inc. d/b/a El Monte RV, hereinafter "Defendant" and for cause of action, would show the Court the following:

### I. PARTIES

1. Plaintiff Amy Manzanares is a citizen of the State of Texas and an individual resident of Collin County, Texas. Plaintiff resides at 370 Oak Ridge Dr., Fairview, Texas 75069.

2. Defendant El Monte Rents, Inc. d/b/a El Monte RV is a foreign corporation headquartered in California but registered to do business in Texas. Defendant may be served with summons by and through its registered agent Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

### II. JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity between Plaintiff and Defendant. Plaintiff AMY MANZANARES is a citizen of Texas. Defendant

EL MONTE RENTS, INC. d/b/a EL MONTE RV is a corporation with its principal place of business in California and is authorized and does business in Texas.

4. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) because Defendant does business in and or/or may be found in this District.

### III.   INTRODUCTION AND FACTUAL BACKGROUND

5. On or about November 20, 2023, Plaintiff and her husband rented an RV from Defendant. While on the road, a wooden panel from the wall fell and struck Plaintiff on the left side of her head. Plaintiff suffered a concussion and injury to her neck.

6. As a result of the incident, Plaintiff has suffered, and continues to suffer, injuries and economic damages as more fully described below.

### IV.   CAUSES OF ACTION

7. On the basis of the above and foregoing facts and information, Paragraph III of which is incorporated by reference herein, Plaintiff would show that Defendant was generally negligent in all respects with regard to the incident in question and specifically negligent in one or more of the following particulars:

   a. In failing to properly maintain the RV in compliance with safety code standards;

   b. In failing to warn Plaintiff of the unsafe condition, to wit: the broken wood panel;

   c. In failing to provide appropriate safety measures and such other negligent acts and/or omissions as discovery or the evidence may show.

8. Plaintiff would show that one or more of the foregoing acts and/or omissions, either singularly or in any combination, constitute negligence, and/or negligence per se and a proximate cause of all injuries and damages sustained by Plaintiff in the incident in question.

## V.   DAMAGES

9. As a direct and proximate result of the negligence of the Defendant, said elements of damage, all in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff seeks to recover from Defendant include compensation for the following:

   a. Past and future medical expenses;

   b. Past and future pain and suffering;

   c. Permanent nature of the injury;

   d. Disfigurement;

   e. Past and future mental anguish;

   f. Loss of wages and earning capacity.

10. By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## VI.   JURY DEMAND

11. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant herein be duly cited in terms of law to appear and answer herein, or voluntarily appear and answer herein, and that upon final hearing of this matter that Plaintiff have judgment against Defendant for the full amount of actual damages with pre- and post-judgment interest thereon at the maximum legal rate, for costs of court in this behalf expended, and for such other and further relief, special and general, at law and in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**DORTCH LINDSTROM LIVINGSTON LAW GROUP**

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
Email: micah@dll-law.com
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Telephone: (214) 393-1212
Facsimile: (888) 653-3299

**ATTORNEY FOR PLAINTIFF**