IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMY MANZANARES and HECTOR MANZANARES,<br><br>Plaintiffs,<br><br>V.<br><br>EL MONTE RENTS, INC. d/b/a EL MONTE RV and FOREST RIVER, INC.<br><br>Defendants. | §§§§§§§§§§§§§ CIVIL ACTION NO. 4:24-cv-191-ALM<br><br>JURY DEMAND |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COMES AMY MANZANARES and HECTOR MANZANARES, hereinafter "Plaintiffs", complaining of El Monte Rents, Inc. d/b/a El Monte RV ("El Monte") and Forest River, Inc. ("Forest River") (hereinafter collectively "Defendants") and for cause of action would show the Court the following:

### I.   PARTIES

1. Plaintiff Amy Manzanares is a citizen of the State of Texas and an individual resident of Collin County, Texas. Plaintiff resides at 370 Oak Ridge Dr., Fairview, Texas 75069.

2. Plaintiff Hector Manzanares is a citizen of the State of Texas and an individual resident of Collin County, Texas. Plaintiff resides at 370 Oak Ridge Dr., Fairview, Texas 75069.

3. Defendant El Monte Rents, Inc. d/b/a El Monte RV has made an appearance and is before the Court for all purposes.

4. Defendant Forest River, Inc. is a foreign corporation headquartered in Indiana but registered to do business in the State of Texas. Defendant may be served with summons by and

through its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.     JURISDICTION AND VENUE

5.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity between Plaintiff and Defendant. Plaintiffs AMY MANZANARES and HECTOR MANZANARES are citizens of Texas. Defendant EL MONTE RENTS, INC. d/b/a EL MONTE RV is a corporation with its principal place of business in California and is authorized and does business in Texas. Defendant FOREST RIVER, INC. is a corporation with its principal place of business in Indiana and is authorized and does business in Texas.

6.     Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) because Defendants do business in and or/may be found in this District.

## III.     INTRODUCTION AND FACTUAL BACKGROUND

7.     On or about November 20, 2023, Plaintiffs rented an RV from Defendant El Monte. While on the road, a wooden panel from the wall fell and struck Plaintiff Amy Manzanares on the left side of her head. Plaintiff Amy Manzanares suffered a concussion and injury to her neck. Defendant Forest River manufactured the RV, including the wooden panel at issue.

8.     As a result of the incident, Plaintiffs have suffered, and continue to suffer, injuries and economic damages as more fully described below.

## IV.     CAUSES OF ACTION – EL MONTE RENTS, INC. D/B/A EL MONTE RV
## NEGLIGENCE

9.     Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

10. On the basis of the above and foregoing facts and information, Plaintiffs would show that Defendant El Monte was generally negligent in all respects with regard to the incident in question and specifically negligent in one or more of the following particulars:

    a. In failing to properly maintain the RV in compliance with safety code standards;

    b. In failing to warn Plaintiffs of the unsafe condition, to wit: the broken wood panel;

    c. In failing to provide appropriate safety measures and such other negligent acts and/or omissions as discovery or the evidence may show.

11. Plaintiffs would show that one or more of the foregoing acts and/or omissions, either singularly or in any combination, constitute negligence, and/or negligence per se and a proximate cause of all injuries and damages sustained by Plaintiffs in the incident in question.

## V. CAUSES OF ACTION – FOREST RIVER, INC.

### NEGLIGENCE

12. Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

13. It was entirely foreseeable and well known to Forest River that failure to properly secure the parts on its RV and/or using defective parts, including the wooden panel at issue, would compromise the safety of the RV, leading to accidents, as occurred herein, would on occasion take place in the ordinary, anticipated, and intended use of said wooden panel.

14. Forest River defectively designed, manufactured, assembled, and marketed the RV, including the wooden panel at issue, and therefore, are strictly liable for Plaintiffs' damage.

15. Further, the wooden panel is defective because Forest River failed to provide adequate warnings and/or instructions regarding the defective conditions and/or the proper use of the wooden panel and therefore, are strictly liable for Plaintiffs' damages.

16. Forest River breached the implied warranties of merchantability and fitness for a particular purpose, and therefore are liable for Plaintiffs' damages.

17. Forest River was negligent in the design, manufacture, assembly and marketing of the RV, including the wooden panel at issue, and therefore are strictly liable for Plaintiffs' damages.

18. Forest River's acts and/or omissions were, separately and collectively with the acts and omission of other Defendants named herein, a producing and/or proximate cause of the Plaintiffs' damages.

## VI.   DAMAGES

19. Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

20. As a direct and proximate result of the negligence of the Defendants, said elements of damage, all in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs seek to recover from Defendants include compensation for the following:

   a. Past and future medical expenses;

   b. Past and future pain and suffering;

   c. Permanent nature of the injury;

   d. Disfigurement;

   e. Past and future mental anguish;

   f. Loss of wages and earning capacity.

21. By reason of the above and foregoing, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## VI.   JURY DEMAND

22. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants herein be duly cited in terms of law to appear and answer herein, or voluntarily appear and answer herein, and that upon final hearing of this matter that Plaintiff have judgment against Defendants for the full amount of actual damages with pre- and post-judgment interest thereon at the maximum legal rate, for costs of court in this behalf expended, and for such other and further relief, special and general, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**DORTCH LINDSTROM LIVINGSTON LAW GROUP**

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
Email: micah@dll-law.com
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Telephone: (214) 393-1212
Facsimile: (888) 653-3299

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served electronically through the electronic-filing manager (EFM) and/or via email/facsimile pursuant to the Federal Rules of Civil Procedure on 3 October 2024 to all counsel of record.

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**