IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMY MANZANARES and HECTOR MANZANARES, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | C.A. NO. 4:24-cv-191-ALM |
| EL MONTE RENTS, INC. d/b/a EL MONTE RV and FOREST RIVER, INC. | § § § § § | JURY DEMAND |
| Defendants. | § § § | |

### PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST FOREST RIVER, INC.

Plaintiffs Amy Manzanares and Hector Manzanares ("Plaintiffs") submit the following Motion for Default Judgment against Forest River, Inc. and brief in support thereof.

### INTRODUCTION

1. Plaintiffs commenced this action on March 1, 2024, by filing their Complaint. [ECF No. 1]. Plaintiffs amended their complaint on October 3, 2024; the First Amended Complaint is the live pleading in this matter. [ECF No. 13]. Forest River, Inc. ("Forest River") is a named Defendant in this action. By their Amended Complaint, Plaintiffs seek affirmative relief (actual damages) against Forest River and its co-defendant, for personal injuries caused by the negligence of those defendants. [ECF No. 13 at 4, ¶ 19-21].

2. As alleged in the Complaint, Defendant Forest River is an Indiana corporation registered to do business in the State of Texas. [ECF No. 13 at 1-2, ¶ 4]. The other defendant in this action is a California corporation registered to do business in the State of Texas. [ECF No. 1 at 1, ¶ 2]. Plaintiffs are all citizens and residents of Texas. [ECF No. 13 at 1, ¶ 1-2]. Plaintiffs

have alleged that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. [ECF No. 13 at 2, ¶ 5]. Because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

3.  Plaintiffs have alleged a specific basis for the exercise of personal jurisdiction over Defendant Forest River in this action. Plaintiffs allege that Forest River purposefully availed itself of the benefits and privileges of the State of Texas by choosing to operate its business ventures in Texas. Among other things, Plaintiffs allege that Forest River regularly conducted and solicited business in Texas and derived revenue from its manufacturing of RV's to be sold within the State of Texas, that it purposefully entered into contracts or other agreements with entities in Texas for the specific purpose of conducting business in Texas. In addition, Defendant Forest River committed acts or omissions of negligence (and caused tortious injuries to Plaintiffs by virtue of those acts) in the State of Texas in pursuit of the activities that it purposefully directed to Texas.

4.  Plaintiffs requested and obtained issuance of the summons directed to Forest River on October 21, 2024. [ECF No. 16]. The summons was served on Forest River and the Proof of Service showed that service had been made upon Forest River on October 24, 2024. [ECF No. 17]. Defendant Forest River's answer was due to be filed on or before November 14, 2024. Fed. R. Civ. P. 12. The citation and proof of service have now been on file with the Clerk of this Court for more than ten (10) days, excluding the date of filing and today.

5.  Though Forest River has been properly served, it has still not filed an answer or any other responsive pleading, either personally or through its insurance carrier, and has not otherwise appeared in this action. Given Forest River's failure to answer in a timely way or otherwise respond to the complaint results in it now being in default.

## LEGAL ARGUMENT

A. <u>**Default Judgment should be entered against Forest River, Inc.**</u>

6. Defendant Forest River is in default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure provide that a defendant must serve an answer within twenty-one (21) days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A). If a defendant fails to file an answer, default judgment may be sought against that defendant. FED. R. CIV. P. 55. Prior to seeking a default judgment, an entry of default pursuant to Federal Rule of Civil Procedure 55(a) must be sought. *Ramada Franchise Sys. v. Barode Enters., LLC*, 2004 U.S. Dist. LEXIS 3577, 220 F.R.D. 303, 304-305 (N.D. Ohio); *O'Callaghan v. Sifre*, U.S. Dist. LEXIS 25237, 242 F.R.D. 69, 74 (S.D.N.Y. 2007). Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED R. CIV. P. 55(a). After an entry of default is made, the moving party may apply to the Court for a default judgment. FED R. CIV. P. 55(b)(2).

7. The complaint seeks affirmative relief against Forest River, which has been served. Its answer or other responsive pleading to the complaint was due on November 14, 2024, but it still has not answered the lawsuit or otherwise responded to the complaint. Under those circumstances, the Clerk of this Court must make an entry of default against Forest River, which has not timely filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default."). On November 22, 2024, Plaintiffs filed a request for the District Clerk to enter Default of Forest River. [ECF No. 24]. The Clerk's Entry of Default was entered on November 25, 2024. [ECF No. 25]. To date, Forest River has failed to answer or otherwise appear in this matter.

8. In order to obtain default judgment, a district court must make explicit findings as to: (1) whether the party subject to default has a meritorious defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F2. 653 (3rd Cir. 1982). With regards to the first finding, Forest River by failing to answer or otherwise appear in this matter has failed to raise any meritorious defenses.

9. With regards to the second finding, Plaintiffs are prejudiced by their inability to be compensated for the personal injuries sustained and medical bills incurred, and likely to be incurred in the future, from Forest River. Plaintiffs' Amended Complaint brings a claim of negligence and product liability related to an RV built, marketed, and manufactured by Forest River, Inc. [ECF No. 13]. Under Texas law, once found liable, a product manufacturer is liable for Plaintiffs' past and future pain and suffering, past and future mental anguish, pecuniary loss, past and future medical expenses, and if applicable, exemplary damages.

10. Here, Plaintiff Amy Manzanares suffered a head injury when a panel manufactured by Forest River failed and came loose and struck her in the head. *See* Ex. A, Declaration of Amy Manzanares, at 2. Her pain was immense and caused significant medical injuries. She sought medical treatment and incurred bills from the following providers: Medical City – McKinney, Legacy Urgent Care – Allen, Touchstone Imaging – McKinney, Healthcare Express Urgent Care, Chiro Concepts of Allen, MRI Centers of Texas, Double Talk Therapy, Neuro Performance & Injury Center, the SOAR clinic and Collage Home and Community Rehab.

11. In addition, Plaintiff's past and present pain have been immense, including horrible headaches, mood swings, confusion, inability to focus, inability to sleep, tiredness, and inability to socially converse/interact as she did before the accident. *See* Ex. A at 5. In addition, her intimate relationship with her husband has diminished greatly and her marital fights have increased due to her inability to care for her family as she did before the accident. *Id*. at 6. Based on conversations with brain specialists, Plaintiff's care is reasonably likely to necessitate future care and time away from her family. Plaintiff has incurred approximately $30,000.00 in medical expenses from the providers listed above.

12. Furthermore, Plaintiff Hector Manzanares is Amy's husband and father of each of her three (3) children. Hector was with his wife at the time of the injury. *See* Ex. B, Declaration of Hector Manzanares, at 2. Since the accident, Hector has been Amy's primary caretaker. *Id.* at 5. In this role and in watching his wife suffer, Hector has experienced a loss of love, sexual relations, affection, and assistance with daily tasks and household services. *Id.* at 6. In addition, Hector has had to miss significant work due to caring for his wife and family which his wife did before the accident. *Id.* at 6.

13. Finally, with regard to the third finding, Forest River should be presumed culpable by their knowing failure to answer Plaintiffs' First Amended Complaint. It is appropriate to presume that a defendant who fails to answer or otherwise move as to a complaint is culpable. *Palmer v. Slaughter*, 200 WL 1010261 at p. 2 (D.Del. July 13, 200) (when defendant "has failed to answer, or move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate.").

14. Accordingly, Plaintiffs respectfully request that this Court enter default judgment against Forest River. In order to avoid further delay, and there being no reason to presume Forest

River has any intention to file an Answer, entry of final judgment by default against Forest River is proper.

## PRAYER FOR RELIEF

Plaintiffs expressly and respectfully request that Default Judgment be entered against Forest River and enter Judgment for Plaintiffs.

DATED this 4th day of December 2024.

Respectfully submitted,

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
Email: micah@dll-law.com
**DORTCH LINDSTROM LIVINGSTON LAW GROUP**
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Telephone: (214) 393-1212
Facsimile: (888) 653-3299

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 4, 2024, with a copy of this document by electronic means via the Court's electronic CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Timothy Micah Dortch*
**TIMOTHY MICA DORTCH**