# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMY MANZANARES and § <br> HECTOR MANZANARES, § <br> § <br> *Plaintiffs,* § <br> v. § <br> § <br> EL MONTE RENTS, INC., d/b/a § <br> EL MONTE RV and FOREST RIVER, § <br> INC., § <br> § <br> *Defendants.* § | Civil Action No. 4:24-cv-191 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Default Judgment Against Forest River, Inc. (Dkt. #26) and Defendant Forest River, Inc.'s Motion to Set Aside Default and Response in Opposition to Plaintiffs' Motion for Default Judgment (Dkt. #30). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that Plaintiff's Motion for Default Judgment (Dkt. #26) should be **DENIED** and Defendant's Motion to Set Aside Default (Dkt. #30) should be **GRANTED**.

## BACKGROUND

Plaintiffs bring this personal injury suit following an incident that allegedly occurred on or about November 20, 2023, while traveling in a rented recreational vehicle ("RV") (Dkt. #30 at p. 1). According to Plaintiffs, a wooden wall panel inside the RV detached and struck Plaintiff Amy Manzanares, resulting in injury (Dkt. #30 at p. 1). Plaintiffs initially filed suit against Defendant El Monte Rents, Inc., the rental company (Dkt. #30 at p. 2). On October 3, 2024, Plaintiffs filed a First Amended Complaint adding Defendant Forest River, Inc., the RV's manufacturer (Dkt. #30 at p. 1).

The Clerk of Court issued summons for Defendant Forest River on October 21, 2024, and service was effectuated through Defendant's registered agent on October 24, 2024 (Dkt. #30 at p. 2). Defendant Forest River received the lawsuit materials on October 25, 2024, and promptly forwarded them to its insurance broker, HUB International, which in turn forwarded them to the third-party administrator, Cannon Cochran Management Services, Inc. ("CCMSI") (Dkt. #30 at p. 2). On October 30, 2024, CCMSI attempted to assign the case to defense counsel, but the email was misaddressed due to a typographical error and never received (Dkt. #30 at pp. 2–3).

The oversight went unnoticed until November 25, 2024, when CCMSI discovered the mistake and successfully contacted counsel (Dkt. #30 at p. 3). However, by that time, the Clerk had already entered default against Defendant Forest River earlier that same day (Dkt. #30 at p. 3). Defendant Forest River promptly began efforts to set aside the default and filed both its Motion to Set Aside (Dkt. #30) and an answer shortly thereafter (Dkt. #30 at pp. 3–4).

Plaintiffs agree that Defendant Forest River's default was inadvertent, and neither party opposes setting it aside (Dkt. #31 at pp. 1–2). However, Plaintiffs request an award of attorneys' fees totaling $8,450.00 incurred in connection with obtaining the entry of default, moving for default judgment, and responding to Defendant Forest River's motion (Dkt. #31 at pp. 2–3). Defendant Forest River opposes this request (Dkt. #32 at p. 2). It challenges the sufficiency of Plaintiffs' evidence and argues that Plaintiffs have not demonstrated that the fees sought are reasonable or necessary (Dkt. #32 at pp. 2–3).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default

judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, the clerk may enter default when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Furthermore, Rule 55(b)(2) grants a district court wide latitude and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default does not concede the truth of allegations of the complaint concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 151, 524–25 (5th Cir. 2002).

## ANALYSIS

The Court must address two issues: (1) whether to set aside the entry of default, and (2) whether Plaintiffs are entitled to an award of attorneys' fees. As explained below, the Court finds that Defendant Forest River's Motion to Set Aside Default (Dkt. # 30) should be **GRANTED**, and Plaintiffs' Motion for Default Judgment (Dkt. #26) should be **DENIED**. Although the Court believes that an award of attorneys' fees may be appropriate, Plaintiffs' current request fails to satisfy the governing standards for fee recovery.

**I.    The Default Judgment should be set aside.**

The Court finds that the entry of default should be set aside. To determine whether good cause exists under Rule 55(c), courts in the Fifth Circuit consider three non-exclusive factors: (1) whether the default was willful, (2) whether setting it aside would prejudice the opposing party, and (3) whether the defaulting party has presented a meritorious defense. *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir. 2000). Though not formally recognized as a part of the three-factor test in *Lacy*, courts may also consider a defendant's expeditious efforts to correct a default. *See Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

Applying this standard, the Court first finds that Defendant Forest River's default was not willful. The record shows that Defendant's perceived neglect resulted from a misaddressed email—an inadvertent typographical error made during counsel assignment (Dkt. #30 at pp. 5–6). Second, Plaintiffs do not assert that they have suffered any litigation prejudice due to the delay (*See generally* Dkt. #31). Indeed, Plaintiffs expressly concede that they "have not suffered prejudice as to the pursuit of [their] claims" (Dkt. #31 at p. 2). Third, Forest River has presented possible meritorious defenses, including challenges to liability and causation, as well as arguments that the RV may have been altered or modified after it left Defendant Forest River's control (Dkt. #30 at p. 9).

Further, Plaintiffs do not oppose Defendant Forest River's Motion and have acknowledged the inadvertence of the mistake (Dkt. #31 at pp. 1–2). Given this posture and the Fifth Circuit's strong preference for resolving cases on their merits, *see Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991), the Court concludes that the entry of default should be set aside. Accordingly, Defendant Forest River, Inc.'s Motion to Set Aside Default (Dkt. #30) is **GRANTED**, and Plaintiffs' Motion for Default Judgment (Dkt. #26) is **DENIED**.

II.   **Plaintiffs may be entitled to reasonable attorneys' fees but have not adequately shown that they are reasonable or necessary.**

Plaintiffs request $8,450.00 in attorneys' fees incurred in connection with their efforts to obtain default and respond to Defendant's Motion (Dkt. #31 at pp. 2–3). Although the Court believes that an award of reasonable fees may be justified as a condition of setting aside default, Plaintiffs' current submission is insufficient to support an award.

To recover fees, a party must establish that the fees sought are both reasonable and necessary, typically through the lodestar method. *See Hopkins v. Hartford Underwriters Ins. Co.*, No. 2:04-CV-387, 2005 WL 1399663, at *2 (E.D. Tex. June 3, 2005). Here, Plaintiffs did not provide adequate evidence to support the hours worked or the reasonableness of the hourly rates charged. The affidavit Plaintiffs submitted does not attest that the work performed was reasonable or necessary, and the invoice attached does not reflect that Plaintiffs were billed for or actually paid the fees in question (Dkt. #32 at p. 2; *see* Dkt. #31-4).

Accordingly, the Court will not award attorneys' fees at this time. Plaintiffs may, however, file a renewed motion for fees within fourteen days from the entry of this Order. Plaintiffs must support any renewed motion with evidence demonstrating the reasonableness and necessity of the requested fees under the applicable standards.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Default Judgment Against Forest River, Inc. (Dkt. #26) is hereby **DENIED**.

It is further **ORDERED** that Defendant Forest River, Inc.'s Motion to Set Aside Default and Response in Opposition to Plaintiffs' Motion for Default Judgment (Dkt. #30) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff file a new request for attorneys' fees that meets the appropriate standard within fourteen days from the entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 13th day of May, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE