# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMY MANZANARES and HECTOR MANZANARES, § § § *Plaintiffs*, § § v. § § EL MONTE RENTS, INC. d/b/a EL § MONTE RV AND FOREST RIVER, § INC., § § *Defendants*. § | Civil Action No. 4:24-cv-191 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Forest River, Inc.'s Motion for Summary Judgment (Dkt. #43). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

This is a personal injury case. Plaintiffs filed suit following an incident that allegedly occurred on or about November 20, 2023, while they traveled in a rented recreational vehicle ("RV") owned and leased by Defendant El Monte Rents, Inc. (Dkt. #43 at p. 1). According to Plaintiffs, a wooden wall panel inside the RV detached and struck Plaintiff Amy Manzanares's head, causing injury (Dkt. #43 at p. 1). Plaintiffs initially sued only Defendant El Monte under a negligence theory, but later amended their Complaint to add Defendant Forest River, Inc., the RV manufacturer, asserting claims for strict products liability, negligence, and breach of implied warranties (Dkt. #43 at pp. 1–2; Dkt. #13).

Under the Court's Scheduling Order (Dkt. #10), Plaintiffs designated Mark Goodson, P.E., as an expert to address liability (Dkt. #43 at p. 2; Dkt. #43-1). On March 20, 2025, Plaintiffs served

Mr. Goodson's expert report on Defendants (Dkt. #43-1 at p. 2). Mr. Goodson did not offer any opinions regarding the RV's original design, manufacture, or marketing, nor did he provide opinions attributing any negligence to Defendant Forest River in connection with the original assembly of the RV or the wall panel in question (Dkt. #43 at p. 2; *see generally*, Dkt. #43-1). Instead, his report focused on the panel's condition as observed during inspection, without attributing any specific conduct or defect to Defendant Forest River (Dkt. #43 at pp. 5–6).

On May 5, 2025, Defendant Forest River filed its Motion for Summary Judgment (Dkt. #43), arguing that Plaintiffs' claims fail as a matter of law due to the absence of expert testimony on essential elements of Plaintiffs' product liability and negligence theories (Dkt. #43 at pp. 2–3, 6). According to Defendant Forest River, Texas law requires expert testimony to establish liability in cases involving allegations of design and manufacturing defects or marketing deficiencies, and Mr. Goodson's report does not provide such testimony (Dkt. #43 at pp. 4–6). The Motion further asserts that Plaintiffs have not presented evidence linking Defendant Forest River to the panel's specific condition at the time of the incident, nor have Plaintiffs shown that the panel was unaltered (Dkt. #43 at pp. 5–6). On May 7, 2025, Plaintiffs filed a Certificate of Non-Opposition as to Forest River's Motion for Summary Judgment (Dkt. #45), in which Plaintiffs state that they do not contest the relief sought in Defendant Forest River's Motion. The Motion is now ripe for the Court to consider.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather,

3

the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After reviewing the Motion, the applicable law, and Plaintiff's Certificate of Non-Opposition (Dkt. #45), the Court finds that there is no genuine dispute as to any material fact and that Defendant Forest River is entitled to judgment as a matter of law. Accordingly, the Court will **GRANT** Defendant Forest River Inc.'s Motion for Summary Judgment (Dkt. #43).

## CONCLUSION

It is therefore **ORDERED** that Defendant Forest River, Inc.'s Motion for Summary Judgment (Dkt. #43) is hereby **GRANTED**. Thus, Defendant Forest River is hereby dismissed. Plaintiff's case against Defendant El Monte Rents, Inc. d/b/a El Monte RV, however, remains live.

**IT IS SO ORDERED.**

SIGNED this 14th day of May, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE