United States District Court
**EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| AMY MANZANARES and<br>HECTOR MANZANARES,<br><br>*Plaintiffs,*<br><br>v.<br><br>EL MONTE RENTS, INC. d/b/a<br>EL MONTE RV,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-191<br>Judge Mazzant |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant El Monte Rents, Inc. d/b/a El Monte RV's Motion to Strike Plaintiffs' Non-Retained Experts (the "Motion") (Dkt. #76). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a personal injury case. The facts are more thoroughly set forth in the Court's Memorandum Opinion and Order signed on May 14, 2025 (Dkt. #49). Plaintiffs, Amy Manzanares and Hector Manzanares, designated several expert witnesses to testify at trial (Dkt. #76-3 at pp. 3–4). Defendant moved to strike the witnesses on June 30, 2025, alleging that Plaintiffs failed to comply with Federal Rule of Civil Procedure 26(a)(2)(C) (Dkt. #76 at p. 1). Plaintiffs filed their Response on July 11, 2025 (Dkt. #87). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Expert Disclosures under Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides a mandatory framework for disclosure of experts in federal court. FED. R. CIV. P.

26(a)(2)(B)–(C). The framework applies differently depending on how the expert became familiar with the facts that inform their opinion.

If a party retains or specially employs an expert to provide testimony, the party must provide a written report that includes: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. FED. R. CIV. P. 26(a)(2)(B).

Before 2010, non-retained experts, such as treating physicians, were exempt from disclosure requirements. *Hooks v. Nationwide Hous. Sys.*, LLC, No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016). After Congress's 2010 amendments to Rule 26, non-retained experts are subject to some disclosure requirements—which are less stringent than those required by Rule 26(a)(2)(B). *Id*. Under Rule 26(a)(2)(C), the propounding party must prepare a "disclosure" regarding any expert witness who does not provide a written report. The disclosure of a non-retained witness must state (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and (2) "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

## II.    Exclusion of Experts Based on Rule 26 Violation

If a court determines that a party's disclosures fail to comply with Rule 26, it must then determine whether exclusion of the expert's testimony is warranted. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

In evaluating whether a violation of Rule 26 is harmless, courts consider four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). Courts consider these factors holistically, and do not mechanically count the number of factors that favor each side. *See e.g.*, *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 757 (N.D. Tex. 2021). "The exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* (citation modified). Moreover, the Fifth Circuit has "emphasized that a continuance is the preferred means of dealing with" improperly designated witnesses. *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998) (citation modified).

## ANALYSIS

I.  **Defendant's Motion to Strike Plaintiffs' Non-Retained Witnesses**

Defendant asks the court to strike: (1) Dr. Colin Sanner ("Dr. Sanner"); (2) Ellen Crouse, Ph.D. ("Dr. Crouse"); (3) Dr. John Flores ("Dr. Flores"); (4) Dr. Tami El Habachi ("Dr. Habachi"); (5) Dr. Riaz Tadia ("Dr. Tadia"); (6) Laura Pumarejo ("Pumarejo"); (7) Daniel Treviso ("Treviso"); (8) Michael Prochaska ("Prochaska"); (9) Jennifer Rust ("Rust"); and (10) Robert Ohlund ("Ohlund") (Dkt. #76 at p. 1).[1]

---

[1] Although the Motion is styled as a motion to strike non-retained experts and premised on a Rule 26(a)(2)(C) violation, Ohlund is a retained expert (Dkt. #87-5 at pp. 2–5). As discussed later in the Order, a defendant who has now been dismissed from the case retained and designated Ohlund (Dkt. at #87-5 at pp. 1–2, 4).

3

Defendant seeks this relief because Plaintiffs "failed to designate the above individuals as 'non-retained' experts in their Expert Designations and Supplemental Expert Designations and/or failed to provide a summary of the facts and opinions that they expect the non-retained expert witnesses to testify as required [by] Federal Rule of Civil Procedure 26(a)(2)(C)" (Dkt. #76 at p. 1). The Court finds that striking the witnesses is unwarranted and that "supplementation . . . is sufficient to cure" any harm flowing from the deficient disclosures. *Meier v. UHS of Del., Inc.*, No. 4:18-CV-00615, 2020 WL 923952, at *5 (E.D. Tex. Feb. 26, 2020).

### A. Striking Dr. Flores, Dr. Habachi, Dr. Sanner, Dr. Crouse, and Rust is unwarranted because their designation deficiencies are harmless.

The Court finds Plaintiffs' designations of these witnesses were insufficient but that exclusion is unwarranted. Plaintiffs' expert designations provide that witnesses including Dr. Flores, Dr. Habachi, and Rust "have knowledge of Plaintiff's injuries and medical treatment and may be called up to give expert testimony," (Dkt. #87-3 at p. 3), and that "[t]heir mental impressions and opinions may be found in Plaintiff's records and their deposition testimony, if any" (Dkt. #87-3 at p. 3).

The first statement does not satisfy Rule 26(a)(2)(C) because a "mere statement of the topics of [a non-retained testifying witness's] opinions is insufficient." *Tolan v. Cotton*, No. CIV.A. H-09-1324, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015). And the second statement is insufficient because "[m]edical records . . . do not constitute a Rule 26(a)(2)(C) summary."[2]

---

[2] Plaintiffs cite out-of-circuit precedent holding that parties are "not required to disclose any more than the identity of the hybrid treating physician witnesses." (Dkt. #87 at p. 5 (citation modified) (quoting *Sullivan v. Glock, Inc.*, 175 F.R.D 497, 501 (D. Md. 1997)). This precedent is outdated in material respects in light of the 2010 amendment to Rule 26. *See e.g.*, *Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. CV 20-813-BAJ-RLB, 2021 WL 4302239, at *3 (M.D. La. Sept. 21, 2021) ("[F]or over ten years the Federal Rules of Civil Procedure have required a treating physician to provide a summary under Rule 26(a)(2)(C) in order to testify as an expert.").

*McCranie v. Home Depot U.S.A., Inc.*, No. 4:15-CV-00423-ALM-CAN, 2016 WL 7626597, at *7 (E.D. Tex. Aug. 25, 2016) (citation modified); *see also Meier*, 2020 WL 923952, at *8 (E.D. Tex. Feb. 26, 2020) (a refence to deposition testimony is not an adequate substitute for Rule 26 summary).

Thus, Plaintiffs insufficiently designated Dr. Flores, Dr. Habachi, and Rust as non-retained testifying experts. Plaintiffs also designated Dr. Sanner and Dr. Crouse insufficiently for the same reasons, but also because Plaintiffs failed to identify Dr. Sanner and Dr. Crouse at all in their expert designations (*See* Dkt. #87-2; Dkt. #87-3).

Accordingly, the Court turns to whether the deficient designations warrant excluding the witnesses under the four-factor test. They do not. As to the first factor (the importance of the testimony), Plaintiffs state that the witnesses' testimony is important because it makes medical information easier to understand for the jury (Dkt. #87 at p. 6). Defendant does not clearly take a position on the testimony's importance and instead argues that this factor cannot "singularly override the enforcement of . . . scheduling orders," and that the importance of testimony underscores the need to comply with the Court's deadlines (Dkt. #76 at p. 8 (quoting *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)). Because Defendant does not meaningfully contest the witnesses' importance, the Court finds this factor disfavors exclusion—while wary that this factor is not singularly controlling.

The second factor (prejudice from permitting the testimony) also disfavors exclusion. Defendant designated Dr. Flores, Dr. Habachi, Dr. Sanner, and Dr. Crouse as non-retained experts in its own expert designations (Dkt. #87-4 at pp. 5–6), which cuts against the notion their testimony at trial would prejudice Defendant. Also, while Defendant correctly argues that Plaintiffs' non-

5

retained expert designations are insufficient, Defendant designated its non-retained experts in essentially the same flawed way (*See* Dkt. #87-4 at pp. 5–6 (first stating that experts will "testify about [Amy Manzanares's] treatment following the Incident, her pre-existing conditions, and all matters contained in her medical records," then directing Plaintiffs to "see her medical records for the general substance of their mental impressions and opinions")). *See FC Meyer Packaging, LLC v. Converting Alts. Int'l, LLC*, No. 2:16-CV80-KS-MTP, 2017 WL 1075077, at *3 n.2 (S.D. Miss. Mar. 21, 2017) (considering that both parties' designations were deficient when determining if supplementation of expert disclosures would be prejudicial).

Moreover, while Defendant states that it is prejudiced by Plaintiffs' designations because "it would require an expensive, and likely futile, exercise for Defendant to depose each so-called expert," (Dkt. #75 at p. 8), Plaintiffs have offered to amend their expert designations (Dkt. #87 at p. 8). An amendment that complies with Rule 26(a)(2)(C) would enable Defendant to ascertain whether it needs to depose the witnesses. Plaintiffs also do not object to Defendant deposing the witnesses if needed (Dkt. #87 at p. 8). Under these circumstances, the Court finds that the prejudice factor disfavors exclusion.

The third factor (ability of continuance to cure prejudice) also disfavors exclusion. Plaintiffs argue that any designation deficiencies can be cured with a continuance, (Dkt. #87 at p. 6), and Defendant argues that the deficiencies are so severe that they warrant "automatic exclusion" of the witnesses but do not address the effect of a continuance (*See* Dkt. #76 at pp. 9–10). Given that the Court will reset the trial setting to a later date, the Court finds that sufficient time exists for Plaintiffs to amend their expert disclosures to comply with Rule 26(a)(2)(C)—and for Defendant to depose the experts if it desires. This factor thus disfavors exclusion.

6

The fourth factor (explanation for the deficiency) favors exclusion. Plaintiffs state that the "explanation for the deficiency is an oversight – which Defendant shares in through its designation as well," but do not explain why this oversight occurred (*See* Dkt. #87 at p. 7). Accordingly, this factor favors exclusion.

In sum, only one factor favors exclusion, and the remaining three disfavor it. After considering the factors holistically, the Court declines to impose the harsh remedy of striking the testimony of Dr. Flores, Dr. Habachi, Dr. Sanner, Dr. Crouse, and Rust.

    **B.    Striking Trevizo and Prochaska is unwarranted because their designation deficiencies are harmless.**

The Court finds that Plaintiffs failed to sufficiently designate these witnesses but gives Plaintiffs leave to amend their disclosures to comply with Rule 26(a)(2)(C). Plaintiffs failed to comply with Rule 26(a)(2)(C) because they do not name—let alone provide a "a summary of facts and opinions" from—Trevizo and Prochaska (*See* Dkt. #87-2; Dkt. #87-3). And unlike Dr. Sanner and Dr. Crouse, Defendant does not include Trevizo and Prochaska in its own disclosures (*See* Dkt. #87-4). Accordingly, a holistic evaluation of the four-factor test presents a closer call as to Trevizo and Prochaska than the prior group of experts—particularly when considering the prejudice factor.

But despite the significant deficiency in their designation, the Court finds that the harsh remedy of striking Trevizo and Prochaska's testimony is unwarranted. The basic purpose of Rule 26 is to prevent prejudice and surprise. *Balser v. Harbor Freight Tools Tex., LLP*, No. H-21-502, 2022 WL 22868541, at *2 (S.D. Tex. Mar. 17, 2022) (citing *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (per curiam)); FED. R. CIV. P. 26(a) advisory committee's note to 1993 amendment (purpose of Rule 26(a)(2) is to require parties "to disclose information regarding

7

expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony . . . .").

Here, Plaintiffs did include Trevizo and Prochaska's respective organizations in Plaintiffs' initial disclosures (*See* Dkt. #87-7 at p. 3) (listing "PT Concepts of Allen" and "Chiro Concepts of Allen" and any employees or agents thereof). The initial disclosures also put Defendant on notice that these organizations had "[p]hysicians that provided Plaintiff medical care following the incident at issue" (Dkt. #87-7 at p. 3). Defendant could thus ascertain that Plaintiffs intended to provide testimony by physicians at physical therapy and chiropractic organizations. The Court does not suggest these initial disclosures satisfy Rule 26, but they weigh against finding that the prejudice to Defendant is so severe that the harsh remedy of exclusion is warranted.

Thus, the Court "declines to exclude the testimony and considers alternative remedies to cure" the prejudice Defendant suffered.[3] *Galvez*, 575 F. Supp. 3d at 758; *see also Stokey v. PHH Mortg. Corp.*, No. 4:23-CV-01101-ALM-AGD, 2025 WL 939197, at *2 (E.D. Tex. Mar. 4, 2025) (finding that plaintiff failed to provide required expert reports but affording leave to re-file disclosures), *report and recommendation adopted*, No. 4:23-CV-01101-ALM-AGD, 2025 WL 932172 (E.D. Tex. Mar. 27, 2025).

---

[3] The Court's analysis of the other factors is unchanged because Defendant does not dispute the importance factor or address the effect of a continuance, and Plaintiffs' explanation for the deficiency appears the same for all witnesses (*See* Dkt. #76; Dkt. #87 at pp. 6–7).

### C. Striking Ohlund is unwarranted because any deficiencies in his designation are harmless.

Plaintiffs fail to comply with Rule 26 because they do not identify Ohlund in their expert disclosures or supplemental expert disclosures (*See* Dkt. #87-2; Dkt. #87-3).[4] Nevertheless, the deficiency is harmless.

Keeping in mind that the basic purpose of Rule 26 is to prevent prejudice and surprise, *Balser*, 2022 WL 22868541, at *2, the Court observes that Ohlund was first disclosed as a retained expert by another defendant (who is no longer in the case) on April 16, 2025 (Dkt. #87-5 at pp. 1–2, 4, 9). That defendant's disclosures included Ohlund's report and curriculum vitae (Dkt. #87-5 at pp. 11–18). Moreover, Defendant relied on Ohlund's report when opposing Plaintiffs' Motion for Leave to Amend their Petition (*See* Dkt. #52-1). Thus, the Court is not persuaded that Defendant would be prejudiced or surprised by Ohlund's testimony at trial and declines to strike him.[5]

Plaintiffs, however, must amend their designations to comply with Rule 26. Because Ohlund is a retained expert, (*see* Dkt. #87-5 at p. 11), their designations must comply with Rule 26(a)(2)(B). *See e.g.*, *Matyn v. State Farm Lloyds*, No. 4:23-CV-00174-ALM-AGD, 2024 WL 1236465, at *1 (E.D. Tex. Feb. 7, 2024) ("For retained expert witnesses, parties must follow Rule 26(a)(2)(B)").

---

[4] Plaintiff cites no authority that reserving the right to "call experts designated by any other party" is a proper Rule 26 designation of all witnesses designated in the future (*See* Dkt. #87 at pp. 2–4). *Meier v. UHS of Delaware, Inc.*, is distinguishable because there, the propounding party cross-designated an expert the same day he was designated. No. 4:18-CV-00615, 2021 WL 1561615, at *2–3 (E.D. Tex. Apr. 21, 2021). Here, Plaintiffs cross-designated all witnesses on April 1, 2025, (Dkt. 87-3 at pp. 5–6), and another party designated Ohlund on April 16, 2025 (Dkt. #87-5 at pp. 1–2, 4, 9). Plaintiffs' cross-designation thus preceded Ohlund's designation. But this issue does not warrant exclusion. *See Niemeyer v. Ford Motor Co.*, No. 2:09-CV-02091-JCM, 2012 WL 135702, at *6 (D. Nev. Jan. 17, 2012) *(*"None of the purposes behind [Rule 26] suggest that the court should exclude expert testimony on the ground another party in the same case did not formally designate the expert as its own . . . .").

[5] The Court's analysis of the other factors is unchanged because Defendant does not dispute the importance factor or address the effect of a continuance, and Plaintiffs' explanation for the deficiency appears the same for all witnesses (*See* Dkt. #76; Dkt. #87 at pp. 6–7).

9

**D.    Striking Dr. Tadia and Pumarejo is unwarranted, but they may not provide expert testimony at trial.**

When addressing the exclusion of Dr. Tadia and Pumarejo, Plaintiffs state that "Plaintiffs have not designated or otherwise listed [them] as non-retained expert witnesses. These witnesses were listed as general witnesses . . . but they were not included in Plaintiffs' expert designation so Defendant's motion as to these two individuals is moot" (Dkt. #87 at p. 4). The Court interprets this statement to mean that there was no need to comply with Rule 26 because Plaintiffs will not offer expert testimony from these witnesses. Accordingly, these witnesses are not struck but cannot provide expert testimony at trial.

## CONCLUSION

It is therefore **ORDERED** that the Motion to Strike Plaintiffs Non-Retained Experts is hereby **DENIED**. It is further **ORDERED**, to address Plaintiffs' violations of Rule 26, that:

1. Plaintiffs must amend their expert designations within 14 days of this order to comply with Rule 26(a)(2)(C) for all witnesses addressed in this Order other than Ohlund.

2. Plaintiffs must amend their expert designations within 14 days of this Order to comply with Rule 26(a)(2)(B) as to Ohlund.

3. Defendant, based on Plaintiffs' amended designations, may depose the witnesses addressed in this order up to and during trial,

4. Defendant, within 14 days of Plaintiffs' amended designations, may seek leave to designate rebuttal witnesses, if needed.

The Court further **ORDERS** that Dr. Tadia and Pumarejo are barred from providing expert testimony at trial.

**IT IS SO ORDERED.**

**SIGNED this 6th day of October, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE